IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TONEY L. OVERSTREET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:16-cv-00585 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Toney L. Overstreet brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision denying his claim for supplemental security income (SSI) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g) (2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 23.)

Overstreet timely filed written objections (Dkt. No. 24), and the commissioner filed a response (Dkt. No. 25). After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with applicable law, the court agrees with, and will adopt in full, the magistrate judge's recommendation. Accordingly, defendant's motion for summary judgment will be granted, plaintiff's motion for summary judgment will be denied, and the court will affirm the commissioner's decision.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (Report 2–3, Dkt. No. 23.)

II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d

411, 416 n.3 (4th Cir. 2003). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).

**B. Overstreet's Objections**

Overstreet raises three objections to the report, and all three are mostly the type of "rehashed objections" that the *Heffner* and *Felton* courts concluded could be rejected. *See id.* That is, he made the same arguments in his summary judgment briefing before the magistrate judge. In his first objection, he contends that the ALJ's discussion of his mental limitations did not satisfy the requirements of SSR 96-8 and, in particular, that the ALJ "failed to explain why plaintiff's moderate limitations in concentration, persistence, or pace are accommodated with a limitation to simple instructions and simple tasks as required under *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015)." (Objs. 1–2, Dkt. No. 24.) Although Overstreet asserts that the report does not address this issue (*id.* at 1), he is incorrect. The report devoted approximately eleven

pages to this issue, including a detailed narrative of the medical records that related to limitations arising from his moderate impairment in concentration, persistence, or pace. (Report 3–14.)

As noted, the court finds that this objection is simply a rehashing of his prior arguments before the magistrate judge and could reject the objection on that basis alone. (*Compare* Objs. 1–3 *with* Pl.'s Mem. Supp. Mot. Summ. J. 10–14, Dkt. No. 15.) In any event, even considering the objection de novo, the court concludes that the magistrate judge's reasoning is correct and that the ALJ's determination on this issue is supported by substantial evidence.

Overstreet's second objection is that the ALJ erred in assessing his physical RFC because he did not perform a function-by-function analysis as required by SSR 96-8p. (Objs. 3–4.) In particular, he argues that the ALJ did not sufficiently "explain how he arrived at his conclusion that plaintiff's severe impairments prevent him from performing medium work but allow him to perform work at the light exertional level." (*Id.* at 3.) As to this, the court finds it is largely a rehashing of prior arguments before the magistrate judge. (*Compare* Objs. 3–4 *with* Pl.'s Mem. Supp. Mot. Summ. J. 15–17.) Nonetheless, because Overstreet raises one alleged error that is specific to the report, the court considers the objection de novo. Specifically, as part of his second objection, Overstreet asserts that the report "failed to acknowledge" a possible inconsistency in the ALJ's decision, *i.e.*, that the ALJ only "gave 'some weight' to the opinions of consultative examiner Dr. Humphries but gave 'significant weight' to the state agency physician who [in turn] gave great weight to Dr. Humphries' opinions." (*Id.*)

While the report did not explicitly mention explicitly this possible inconsistency, the report discussed and analyzed Dr. Humphries' opinion and the weight assigned to it by the ALJ. (Report at 16–18.) It also discussed the basis for the other medical opinions in the record and the reasons the ALJ gave for the weight he assigned to each. (*Id.*) As the report correctly notes, the

ALJ "reviewed each of the medical opinions, assigned each weight and provided reasons for the weight given." (*Id.* at 18.) The court also agrees with the magistrate's assessment that the ALJ "did not fail to resolve any material inconsistencies or ambiguities in the evidence." (*Id.* at 16.) The ALJ gave reasons for accepting the opinions that plaintiff's impairments allowed him to perform work at the light exertional level.

Furthermore, while it is true that the consultative examiner, Dr. McGuffin, gave Dr. Humphries' opinion "great weight," (R.66), Dr. McGuffin also offered opinions about Overstreet's capabilities that differed from Dr. Humphries.' The ALJ explained that he found Dr. McGuffin's assessment entitled to greater weight because it was more consistent with record evidence overall. There is no inherent inconsistency in the ALJ's different assessment of the two opinions.

To summarize, the court concludes that there was substantial evidence supporting the ALJ's physical RFC and that it was sufficiently explained to allow meaningful review.

Third and finally, Overstreet contends that the ALJ erred in his credibility determination and in concluding that Overstreet's statements concerning the intensity, persistence, and limiting effect of his symptoms were not entirely credible. The ALJ gave reasons for his determination, relied on record evidence to do so, and noted Overstreet's own conflicting reports of his capabilities and symptoms. (R. 25–26.) Even reviewing this rehashed objection de novo, the court is satisfied that there was substantial evidence to support the ALJ's credibility determination for the reasons set forth by the magistrate judge. *See, e.g., Chafin v. Shalala*, No. 92-1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) ("It is not the proper province of the courts to second-guess the ALJ's credibility determinations.") (citing *Hays v.*

*Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964)).

## III.  CONCLUSION

After a de novo review of the record, the court finds that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, this court will overrule Overstreet's objections and adopt the magistrate judge's report and recommendation.  The court will therefore grant the commissioner's motion for summary judgment, deny Overstreet's motion for summary judgment, and affirm the commissioner's decision.

An appropriate order will be entered.

Entered: March 16, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge